IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Zachary Compson, #344972, | ) | C/A No.: 1:11-3469-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Gregory Knowlin, | ) | |
| ~~Turbeville Correctional Institution~~,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Zachary Compson is an inmate at the South Carolina Department of Corrections ("SCDC") who filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks a parole transfer to New York pursuant to the Interstate Compact for Adult Offender Supervision ("Interstate Compact"). *See* S.C. Code Ann. § 24-21-1100, *et seq*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Petitioner is currently serving a four-year sentence at Turbeville Correctional Institution for lewd act upon a child under the age of sixteen. He pled guilty to the charge in the Court of General Sessions in Conway, South Carolina. [Entry #1 at 2].

---

[1] Per the court's order of January 20, 2012, respondent Turbeville Correctional Institution has been terminated as an improperly-named respondent.

According to the SCDC website, Petitioner was eligible for parole on January 13, 2012, but currently has a projected release date of April 16, 2014. *South Carolina Department of Corrections Inmate Search*, https://sword.doc.state.sc.us/scdc-public/ (last visited Jan. 17, 2012).

Petitioner filed his petition on December 22, 2011. His sole ground for seeking habeas relief is the SCDC's alleged refusal to allow him to sign an "interstate compact form." [Entry #1 at 8]. Petitioner seeks to be "paroled out" to Onondaga County, New York. [Entry #1 at 8]. He states that the parole examiner informed him that judicial approval was necessary for him to be paroled out to New York. [Entry #1 at 8].

Based on a liberal reading of his petition, Petitioner is seeking a transfer to New York pursuant to the Interstate Compact, which sets forth guidelines on how to handle the transfer of adult offenders from one state to another. South Carolina and New York are both signatories to the Interstate Compact. *See* S.C. Code Ann. § 24-21-1100, *et seq.*; N.Y. Exec. Law § 259-mm (McKinney 2011).

Petitioner indicates in his petition he has not pursued the available procedures in the prisoner grievance system. [Entry #1 at 6]. He provides no explanation as to why he did not use the available procedures. [Entry #1 at 6]. Petitioner likewise, and without explanation, did not appeal any decision to the South Carolina Administrative Law Court, the South Carolina Court of Appeals, or the South Carolina Supreme Court. [Entry #1 at 6–7].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B.  Habeas Corpus

1.  Section 2241 Generally and Exhaustion Requirement

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. *Ex parte Hawk*, 321 U.S. 114, 117 (1944). "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Before a state prisoner can seek federal habeas relief under 28 U.S.C. § 2241, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490–91 (1973) (exhaustion required under § 2241). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's

federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) *(discussing Braden*, 410 U.S. 484).

### 2. Petitioner Has Not Exhausted His Remedies

Petitioner admitted in his petition that he did not pursue available procedures in the prisoner grievance system nor did he file any appeal with the South Carolina Administrative Law Court, the South Carolina Court of Appeals, or the South Carolina Supreme Court. [Entry #1 at 7–8].

After reviewing the petition, the undersigned recommends finding that Petitioner has failed to exhaust his claims through the grievance and state court appeals process. "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (internal quotation omitted). Based on Petitioner's failure to file any grievance with SCDC or to exhaust his state court remedies, the undersigned recommends that the petition be dismissed without prejudice.

### 3. Ripeness

Even if Petitioner were able to establish good cause for his failure to exhaust, his habeas claim is not ripe for adjudication. Although Petitioner was eligible for parole as of January 13, 2012, parole has not yet been granted. Consequently, Petitioner's claim for parole transfer to New York is not yet ripe. *See Ostergren v. Cuccinelli*, 615 F.3d

263, 287–88 (4th Cir. 2010). The Supreme Court of the United States has noted that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985). Until the South Carolina Parole Board grants parole to Petitioner, the question of an interstate parole transfer to the State of New York will not be ripe.[3]

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

January 20, 2012                                    Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).