IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Zachary Compson, #344972 | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | Civil Action No.: 1:11-3469-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden Gregory Knowlin, | ) | |
| | ) | |
| Respondent. | ) | |

In this case, Petitioner filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC. On January 20, 2012, the Magistrate issued a Report and Recommendation recommending that this case be dismissed without prejudice and without issuance and service of process due to Petitioner's admitted failure to exhaust his state court remedies prior to seeking habeas relief. (Dkt. No. 13). The Magistrate instructed Petitioner of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 7). Despite the Magistrate's clear instructions, Petitioner failed to file any objections to the Report and Recommendation. As explained herein, the Court adopts the Magistrate's Report and Recommendation and dismisses Petitioner's Petition without prejudice and without issuance and service of process.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a

1

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge. In this case, Petitioner seeks to be "paroled out" to Onondaga County, New York, and Petitioner states that the parole examiner informed him that judicial approval was necessary for him to be paroled out to New York. (Dkt. No. 1 at 8). Based on a liberal reading of his Petition, Petitioner is seeking a transfer to New York pursuant to the Interstate Compact, which sets forth guidelines on how to handle the transfer of adult offenders from one state to another. Petitioner, however, indicated in his Petition that he did not pursue the available procedures in the prisoner grievance system and did not appeal any decision to the South Carolina Administrative Law Court, the South Carolina Court of Appeals, or the South Carolina Supreme Court. (*Id.* at 6-7). Petitioner provides no explanation for his failure to exhaust these remedies. Before a state prisoner can seek federal habeas relief under 28 U.S.C. § 2241, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

corpus petition); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490–91 (1973) (exhaustion required under § 2241).

## Conclusion

For the foregoing reasons, the Court adopts the Magistrate's Report and Recommendation and dismisses Petitioner's Petition without prejudice and without issuance and service of process.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

February 14, 2012
Charleston, South Carolina